UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN HARRELL,

v.                              Case No. 8:13-cv-2388-T-33AEP
                                         8:09-cr-265-T-33AEP
UNITED STATES OF AMERICA.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant Kevin Harrell's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 1), filed on September 16, 2013, and the accompanying Memorandum of Law in Support of the Motion (Doc. # 6), filed October 28, 2013. On February 18, 2014, the Government filed a Response in Opposition to the Motion. (Doc. # 13). Harrell then filed a Reply in support of his § 2255 Motion on May 1, 2014. (Doc. # 17). A review of the record demonstrates that, for the following reasons, Harrell's Motion must be denied.

Furthermore, pursuant to Rule 8(a) of the Rules Governing § 2255 Proceedings, this Court has determined that an evidentiary hearing is not necessary for the adjudication of this § 2255 Motion. No hearing is required when the record establishes conclusively that a § 2255 motion lacks merit. United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir.

1984). In addition, "A district court need not conduct an evidentiary hearing 'where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous.'" <u>Pericles v. United States</u>, No. 12-14505, 2014 U.S. App. LEXIS 9767, at *11, n.4 (11th Cir. March 28, 2014)(citing <u>Aron v. United States</u>, 291 F.3d 708, 715 (11th Cir. 2002)).

## **PROCEDURAL HISTORY**

On June 10, 2009, the grand jury returned a fifteen-count indictment against Harrell and his co-Defendant Franchot Moore. (CR Doc. # 11). Most relevant to the present matter, Harrell was charged with "knowingly, intentionally and willfully conspir[ing], confederat[ing], and agree[ing] with [Moore], to possess with intent to distribute and to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine," in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(ii), and 21 U.S.C. § 846 (Count Twelve). (<u>Id.</u> at 7). Harrell was also charged with, while "aiding and abetting [Moore], [] knowingly carry[ing] one (1) or more firearms in furtherance of a violation of [21 U.S.C. § 846]," in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Count Thirteen). (<u>Id.</u> at 8).

Pursuant to a written plea agreement (CR Doc. # 63), Harrell pled guilty to Counts Twelve and Thirteen before Magistrate Judge Anthony E. Porcelli on July 21, 2010. (CR Doc. ## 133, 134). The Government, in turn, agreed, among other things, not to charge Harrell with committing any other federal criminal offense related to the conduct giving rise to the plea agreement and to consider whether Harrell's cooperation merited a substantial assistance sentence reduction. (Id.).

At the plea hearing, Judge Porcelli determined that Harrell was fully competent to enter a plea. (CR Doc. # 133 at 6). However, the Court took a brief recess in response to Harrell's representation that he had "not been able to review the plea agreement in its entirety" with his counsel, Assistant Federal Public Defender David Secular. (Id. at 10-11). Twenty minutes later, the hearing resumed, and Harrell stated that he fully understood the plea agreement, that he did not need additional time to discuss the agreement's provisions with Mr. Secular, and that he was prepared to enter a guilty plea. (Id. at 14-15). When asked whether he was satisfied with Mr. Secular's representation, Harrell provided "pretty much" and – at Judge Porcelli's insistence – explained that he took issue with receiving an enhanced sentence for a

3

state conviction where the adjudication of guilt had been withheld. (Id. at 17-18). Mr. Secular addressed Harrell's concern:

> Just in terms of this, there is nothing I can do to stop the Government from compiling the notice that they file. Notwithstanding that Mr. Harrell, I believe, is prepared to enter a plea of guilty today. Obviously he's not going to be sentenced today. And there is nothing that I am doing today that is waiving any argument that I can possibly make that he has been – that he is not subject to the enhancement. That will all be resolved at the time of sentencing.
>
> And if there is even some room in the law for me to make an argument that the withhold – although I am aware that at the moment the law seems to be against me, but still I will make every argument I possibly can to make – for Mr. Harrell to receive the lowest possible sentence. And if a valid argument can be made or even a non-frivolous argument can be made that the withhold should not qualify as an enhancement, I will certainly urge the Court to do that at the time of sentence.
>
> But the bottom line is Mr. Harrell should not feel that I am giving up any sentencing arguments whatsoever by the fact that he's entering a plea here.

(Id. at 18-19). Shortly thereafter, Harrell pointed out that he never received the notice of the § 851 sentencing enhancement. (Id. at 20-21). In fact, the notice had not been filed on the record. (Id. at 21). Judge Porcelli, in turn, decided to continue the plea hearing (1) for the Government to decide whether to file a notice and (2) for Harrell to review the notice in the event that the Government chose to

file it. (Id. at 22-23). Judge Porcelli recessed the plea hearing despite Mr. Secular's representation that "we are prepared to proceed with the plea." (Id. at 23). Judge Porcelli noted "I'm not going to accept a plea if [Harrell has] not had a chance to review a notice" and pointed to the implications of such notice. (Id.).

Pursuant to 21 U.S.C. § 851(a), the Government then filed an Information and Notice of Prior Conviction. (CR Doc. # 68). The Notice explained that, although Harrell would typically be facing a statutory sentence of at least ten years but not more than life in prison, Harrell was now facing a mandatory minimum of twenty years' imprisonment because he had a qualifying prior conviction under the statute. (Id. at 1, 2). Harrell was subject to the sentencing enhancement due to his state court conviction for Possession of Cocaine in the Sixth Judicial Circuit for Pinellas County, Florida. (Id. at 2; see CR Doc. # 68-1; see also PSR at ¶ 56).

Harrell's plea hearing resumed on the afternoon of July 21, 2010. (CR Doc. # 134). At that time, Judge Porcelli reviewed the terms of the plea agreement with Harrell who stated that he "had a full opportunity to review the plea agreement in its entirety as well as the notice regarding the enhanced penalties." (Id. at 6). Judge Porcelli determined

that – "based upon [his] review of the indictment as well as the plea agreement that's been filed and [his] discussions with Mr. Harrell" – Harrell's guilty plea was "being entered knowingly, intelligently, and voluntarily." (Id. at 50). On August 24, 2010, this Court accepted Harrell's guilty plea and adjudicated him guilty as to Counts Twelve and Thirteen of the indictment. (CR Doc. # 78).

At sentencing, this Court determined that Harrell – represented by Attorney Mark J. O'Brien – was subject to an advisory sentencing range of 240 months' imprisonment as to Count Twelve and 60 months' imprisonment as to Count Thirteen. (CR Doc. # 123 at 10, 17). The Government filed a motion pursuant to Section 5k1, requesting a four-level reduction due to Harrell's substantial assistance. (Id. at 11). In support of that motion, the Government pointed out that the "initial interview [with Harrell] didn't . . . go so well, or as well as we had expected," but that "since that time in subsequent discussions with Mr. Harrell, I think he – he's almost a different person." (Id.). The Government then detailed the actions Harrell had taken to warrant the substantial assistance recommendation. (Id. at 12-16).

The Government further explained that Harrell would qualify as a career offender even without the § 851

6

enhancement, subject to an advisory guidelines range of 262-327 months' imprisonment. (Id. at 18). With the substantial assistance reduction, however, Harrell was facing 195 months' imprisonment. (Id. at 20). In addition to filing a sentencing memorandum (CR Doc. # 110), Mr. O'Brien argued that Harrell was entitled to a six-level reduction for his cooperation with law enforcement. This Court pointed out that the "only reason I would not give six is because he initially was not particularly cooperative. And I think six really needs to be reserved for those who cooperate from the get-go." (CR Doc. # 123 at 26). However, the Court granted the six-level reduction in light of the Government's response that it would not "quarrel" with the six-level departure. (Id. at 27).

Harrell and Mr. O'Brien addressed the Court in mitigation of Harrell's sentence. (Id. at 32-41). The Court imposed a low-end, aggregate sentence of 168 months' imprisonment, followed by a ten-year term of supervised release (Id. at 41-42). The Court explained that it had "given [Harrell] every benefit of the doubt here. You were looking at a sentence of 300 months. . . ." (Id. at 45). The Court further urged that, particularly in light of Harrell's history of domestic violence, the sentence imposed

demonstrated "a big leap of faith . . . so I don't want you to screw it up." (Id. at 45-48).

Harrell initially appealed his sentence. (CR Doc. # 114). However, Harrell moved to voluntarily dismiss the appeal with prejudice, and the Eleventh Circuit granted his motion on January 17, 2013. (CR Doc. # 132). On October 28, 2013, Harrell timely filed the present § 2255 Motion. (Doc. # 1; CR Doc. # 131).

## COGNIZABILITY

In the present § 2255 Motion, Harrell challenges his sentence as unconstitutional based on his receiving ineffective assistance of counsel. Ineffective assistance claims are generally cognizable under 28 U.S.C. § 2255. See Lynn v. United States, 365 F.3d 1225, 1234 n. 17 (11th Cir. 2004)(ineffective assistance claims should be decided in section 2255 proceedings).

## INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on a claim of ineffective assistance of trial or appellate counsel, a defendant must meet the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Strickland's two-part test requires a defendant to demonstrate that counsel's performance was deficient and

"there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component. Id. at 697.

## DISCUSSION OF HARRELL'S CLAIMS

Harrell's § 2255 Motion presents challenges related to the § 851 sentencing enhancement filed by the Government; the acceptance of responsibility sentencing adjustment; the post-sentencing substantial assistance motion, pursuant to Fed. R. Crim. P. 35(b), or lack thereof; and various claims related to alleged prosecutorial misconduct. Throughout his Motion, Harrell points to ineffective assistance of counsel as a basis for his arguments. The Court addresses each claim in turn.

## I.   21 U.S.C. § 851 Sentencing Enhancement

Harrell's first claim argues that counsel was ineffective for not objecting to the Government's 21 U.S.C. § 851 sentencing enhancement based on the grounds that "the predicate prior conviction relied upon [Harrell's state conviction for Possession of Cocaine] was unconstitutional and woefully invalid." (Doc. # 1 at 3-4; Doc. # 6 at 4). Specifically, Harrell contends that:

> [H]ad he been properly advised in the state court plea proceeding that his nolo contendere plea constituted a conviction under federal law, he would not have entered the nolo contendere plea in state court, but would have optioned to proceed to trial by jury in the state court matter.

(Doc. # 1 at 4).

The two-pronged _Strickland_ test is applicable to ineffective assistance of counsel claims arising out of the plea process. _Hill v. Lockhart_, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of _Strickland_ remains the same in that the attorney's conduct must fall within the range of reasonable conduct. _Hill_, 474 U.S. at 58.

The second prong of the _Strickland_ test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. _Hill_, 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. _Id._ The best way to evaluate whether there is a reasonable probability a defendant would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at

trial. <u>Upshaw v. United States</u>, No. 2:07-cv-111-FtM-33DNF, 2008 WL 638261, at *1 (M.D. Fla. Mar. 5, 2008) (citing <u>Hill</u>, 474 U.S. at 59).

As an initial matter, the Court notes that Harrell's challenge to the use of the prior state conviction for the § 851 enhancement is untimely under the statute, which states "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). Here, Harrell's 2006 state conviction for Possession of Cocaine was over five years old at his 2012 sentencing.

Regardless of the time bar, Harrell's claim has no merit. Nothing in the record supports Harrell's assertion that his counsel at the state proceedings – Attorney B. Robert Ohle – represented that the nolo contendere plea would not qualify as a conviction. Further, Harrell's claim that he would have gone to trial had he known that the nolo contendere plea with adjudication withheld would qualify as a conviction under federal law is insufficient to warrant relief, because it is vague, conclusory, and unsupported by an affidavit or otherwise. Vague, conclusory, speculative, or unsupported

11

claims cannot support an ineffective assistance of counsel claim. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991). Such bare, conclusory claims of ineffective assistance of counsel, which contradict the existing record and are unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration. Ferguson v. United States, 699 F.2d 1071 (11th Cir. 1983). Further, there is nothing in the record to suggest that Harrell had available a defense that would likely have borne fruit at trial. Upshaw, 2008 WL 638261 at *1 (citing Hill, 474 U.S. at 59).

Harrell's argument that counsel in the federal proceedings – Mr. Secular at the plea proceedings and Mr. O'Brien at the sentencing proceedings – were ineffective is similarly unavailing, because Harrell is unable to demonstrate prejudice. This Court is bound by the Eleventh Circuit's decision in United States v. Fernandez, holding that "a state offense in which the defendant pleads *nolo contendere* and adjudication is withheld pending completion of probation constitutes a 'prior conviction' for purposes of [a similar] enhancement provision [under] 21 U.S.C. § 841." 58 F.3d 593, 600 (11th Cir. 1995); see also United States v. Mejas, 47 F.3d 401, 404 (11th Cir. 1995) (holding that a "plea

of nolo contendere where adjudication was withheld is a 'conviction' supporting an enhancement of [a defendant's] sentence[] under section 841(b)(1)(B)").

Notwithstanding this case law, at Harrell's plea proceedings, Mr. Secular addressed Harrell's concern that the prior state conviction was being used to enhance the sentence and explained that Mr. Secular was not "waiving any argument that I can possible make that he . . . is not subject to the enhancement. That will all be resolved at the time of sentencing." (CR Doc. # 133 at 19). Mr. Secular emphasized this point, providing "the bottom line is Mr. Harrell should not feel that I am giving up any sentencing arguments whatsoever by the fact that he's entering a plea here." (Id.).

Subsequently, Mr. O'Brien assumed representation for Harrell (CR Doc. # 94). In preparation for Harrell's sentencing, Mr. O'Brien filed a Sentencing Memorandum arguing that:

> Due to the decision in Florida Department of Corrections v. Shelton[1], the Defendant's conviction for possession of cocaine in Pinellas County Case Number 2006-CF-13567 cannot be used to enhance the Defendant's mandatory minimum punishment from ten

---

[1] See Shelton v. Sec'y Dep't of Corrs., 802 F.Supp.2d 1289 (M.D. Fla. 2011) (holding that the Florida drug statute is facially unconstitutional because it does not require mens rea), rev'd, 691 F.3d 1348 (11th Cir. 2010) (holding that the district court improperly applied habeas standard of review).

> years to twenty years pursuant to 21 USC Section
> 851. The Defendant requires no further argument as
> to this objection.

(CR Doc. # 110 at 2). Mr. O'Brien raised the same legal
objection at sentencing. (CR Doc. # 123 at 8). This Court
overruled that objection (Id. at 9-10), and again finds the
argument unavailing.

Relatedly, as part of his fifth claim, Harrell argues
that counsel "failed to subject the Government's prosecution
to an adversarial testing process, as required by the Sixth
Amendment." (Doc. # 6 at 14). Specifically, Harrell provides
that:

> [C]ounsel was ineffective for failing to object to
> the plea court postponing the guilty plea hearing
> to afford the Government additional time to comply
> with 21 U.S.C. § 851 and file its Information
> seeking to enhance Petitioner's sentence absent a
> showing by the Government that facts regarding the
> prior conviction could not with due diligence be
> obtained before entry of the guilty plea.

(Doc. # 6 at 14). However, at the initial plea hearing, Mr.
Secular did indicate that he and Harrell were "prepared to
proceed with the plea" (CR Doc. 133 at 23), without taking a
recess for the Government to file the § 851 sentencing
enhancement. Regardless of counsel's advocacy, however,
Harrell is unable to demonstrate prejudice.

Judge Porcelli found that, based on a review of Harrell's plea agreement, "it's clear the Government intended to file the notice since the plea agreement discussed the enhanced penalties." (CR Doc. # 134 at 44). Furthermore, even without the § 851 enhancement, Harrell would have qualified for a sentence enhancement as a career offender. This issue was discussed at Harrell's sentencing hearing, where the Government provided:

> [W]hen we came to the plea hearing, and, uh, the plea agreement indicated that the Government had filed an 851 enhancement and therefore [Harrell] was exposed to a mandatory 20 years, [Harrell] on his own pointed out to the Court that he had never received the notice.
> And we checked the filings, and it turned out that I had forgotten to file the notice in anticipation of the plea hearing. So we then took a break, I went back to the office, filed the notice, gave it to [Harrell] and he pled guilty.
>
> \*\*\*
>
> I told Mr. O'Brien I'm not sure legally – the plea agreement describes the 851 penalties, I'm not sure legally if we still would have been able to – to get the 20-year mandatory minimum.
> I would also like to point out as it relates to the 851 enhancement issue, uh, although the co-defendant cooperated, uh, before [Harrell] . . . and is likely in line for a Rule 35 . . . I believe, Your Honor, [Harrell] was going to be a career offender looking at 262 to 327 months on the . . . conspiracy, and a 60-month consecutive on the . . . gun charge.

(Doc. # 123 at 17-18). This Court affirmed the observation that Harrell would qualify as a career offender. (Id. at 18). Therefore, Harrell is unable to demonstrate prejudice, so the Court does not reach the performance analysis. Strickland, 466 U.S. at 697. Accordingly, counsel was not ineffective.

Alternatively, Harrell contends that "he is actually innocent of the state offense underlying the prior predicate conviction at issue herein." (Doc. # 1 at 4). However, "actual innocence" requires *factual* innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998) (emphasis added). Harrell presents no evidence to suggest his factual innocence, and in turn, this claim also fails.

## II. **Acceptance of Responsibility Adjustment**

Harrell's second claim argues that "the Government breached the underlying written plea agreement by failing to advocate on behalf of Petitioner at sentencing for an award of a 3-level reduction in his adjusted offense level for acceptance of responsibility." (Doc. # 6 at 8). In support of this claim, Harrell points to paragraph 7 of the plea agreement, which provides:

> At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United

States will recommend to the Court that the
defendant receive a two-level downward adjustment
for acceptance of responsibility, pursuant to USSG
§3E1.1(a). The defendant understands that this
recommendation or request is not binding on the
Court, and if not accepted by the Court, the
defendant will not be allowed to withdraw from the
plea.

Further, at the time of sentencing, if the
defendant complies with the provisions of USSG
§3E1.1(b), the United States agrees to file a
motion pursuant to USSG §3E1.1(b) for a downward
adjustment of one additional level. The defendant
understands that *the determination as to whether
the defendant has qualified for a downward
adjustment of a third level for acceptance of
responsibility rests solely with the United States
Attorney for the Middle District of Florida*, and
the defendant agrees that the defendant cannot and
will not challenge that determination, whether by
appeal, collateral attack, or otherwise.

(CR Doc. # 63 at 4) (emphasis added). At Harrell's plea

hearing, Judge Porcelli provided an overview of this

provision, explaining:

By this provision, absent any adverse
information suggesting that such a recommendation
be unwarranted, the United States will recommend to
the Court that you receive a two level downward
adjustment for your acceptance of responsibility.

Additionally, at the time of sentencing the
United States agrees to file a motion for an
additional downward adjustment for a one level
downward adjustment for your acceptance of
responsibility.

So in other words, Mr. Harrell, the
possibility of a total three level downward
adjustment for your acceptance of responsibility.

(CR Doc. # 134 at 10-11). The PSR reflects that Harrell

received a two-level reduction for acceptance of

responsibility prior to sentencing. (PSR at ¶ 48). However, at sentencing the Government did not file a motion for an additional downward adjustment. (<u>See</u> Doc. # 123). Although this might seem at tension with the guidance Harrell received at the plea hearing, the relevant provision in the plea agreement provides that the decision as to whether Harrell "qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida." (CR Doc. # 63 at 4). Further, as described above, Harrell was provided sufficient time to review the plea agreement with Mr. Secular. Therefore, the Court finds that Harrell's claim has no merit.

Harrell further argues that counsel was ineffective for failing to raise this objection. (Doc. # 6 at 8). However, counsel is not ineffective for failing to raise a meritless issue. <u>Owen v. Sec'y for the Dep't of Corr.</u>, 568 F.3d 894, 915 (11th Cir. 2009) (citing <u>Ladd v. Jones</u>, 864 F.2d 108, 110 (11th Cir. 1989)). Accordingly, counsel was not ineffective.

### III. **Fed. R. Crim. P. 35(b) Motion**

As his third claim, Harrell argues that "the Government breached its oral agreement to file a motion for a reduction in Petitioner's sentence, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure." (Doc. # 6 at 10).

Similarly, Harrell's fourth ground for relief raises various claims relating to this alleged agreement. Specifically, Harrell contends that the Government violated his constitutional rights by:

> (i) retaliating against Petitioner for filing a notice of appeal, (ii) fraudulently inducing Petitioner to dismiss said appeal in exchange for the filing of a Rule 35(b) motion; (iii) compelling Petitioner to dismiss his appeal in exchange for consideration for a Rule 35(b) motion; and (iv) failing to file any such motion for the reduction of Petitioner's sentence subsequent [to] his dismissal of said appeal.

(Doc. # 6 at 11).

In support of these claims, Harrell's Motion includes an email from the Government to Mr. O'Brien. (Id. at 18). The relevant portion of the email provides, "As you know, cooperation and appeals are inherently contradictory motions, and as a result, office policy precludes consideration of any Rule 35 departures for defendants who appeal and further litigate their sentences, including Section 2255 petitions." (Id.). Subsequently, Mr. O'Brien contacted Harrell to discuss the pending appeal:

> Enclosed please find a copy of your sentencing transcript. I filed your notice of appeal the day after your sentencing. I will begin work on your appeal but please note that you are unlikely to succeed because of the appellate waiver you agreed to when you signed your plea agreement. Please write to me with your list of appellate issues so

that I may consider them and include the [sic] in
your brief.
        Please note that if you proceed with this
appeal you will not be allowed to cooperate
anymore. If you wish to cooperate you must withdraw
your appeal. It is your choice. Please let me know
your decision.

(Doc. # 6 at 19).

        As a threshold matter, there is nothing in the record to
suggest that the Government promised Harrell that it would
file a Rule 35(b) motion. Further, in its Response to
Harrell's § 2255 Motion, the Government provides that
"Harrell, post-sentencing did not warrant a substantial
assistance motion." (Doc. # 13 at 17). That decision is at
the sole discretion of the Government. See Wade v. United
States, 504 U.S. 181, 185 (1992) (involving a substantial
assistance motion under USSG § 5K1.1 and 18 U.S.C. § 3553(e));
United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008)
(applying the Supreme Court's decision in Wade to Rule 35(b)
motions). This Court cannot compel the Government to file a
Rule 35(b) motion. See United States v. Bell, 465 F. App'x
892, 894-95 (11th Cir. 2012) (finding that a district court
does not have the authority to compel the Government to file
a motion for sentence reduction based on a defendant's
substantial assistance). "[J]udicial review is appropriate
only where there is an allegation and a substantial showing

20

that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible standard." United States v. Dorsey, 512 F.3d 1321, 1324 (11th Cir. 2008) (citations omitted). Nothing in the record implicates – let alone meets – this standard.

Harrell further argues that counsel was ineffective for "failing to obtain this agreement in writing prior to convincing Petitioner to dismiss his appeal to concede to the Government's terms and conditions precedent to the filing of a Rule 35(b) motion for reduction of sentence." (Id.). However, as discussed above, the record presents no evidence of an agreement. In turn, counsel was not ineffective for failing to raise a meritless issue. Owen, 568 F.3d at 915 (citing Ladd, 864 F.2d at 110). Therefore, Harrell's claim fails.

## IV.  Alleged Prosecutorial Misconduct

Harrell also raises several claims related to alleged prosecutorial misconduct. Specifically, Harrell argues that the Government "selectively investigat[ed] him for the [G]overnment's reverse sting operation" and that the Government "engaged in sentencing entrapment by introducing a drug quantity much higher than necessary to effectuate the criminal offense sought to be staged by the [G]overnment's

21

discriminatory reverse sting." (Doc. # 6 at 15-16). Harrell further claims that the Government "vindictively" filed the § 851 enhancement "in retaliation for Petitioner's pre-trial exercise of his constitutional rights." In support of this claim, Harrell argues that his co-Defendant, Franchot Moore, received more favorable treatment, because Moore "failed to exercise any of his pre-trial constitutional rights." (Id.).

To establish a selective prosecution claim, Harrell must demonstrate by clear and convincing evidence that his "prosecution had a discriminatory effect, i.e., that similarly situated individuals were not prosecuted, and [a defendant is] also required to show that the difference in treatment, or selectivity of the prosecution, was motivated by discriminatory purpose." United States v. Smith, 231 F.3d 800, 809 (11th Cir. 2000). A "similarly situated" person for selective prosecution purposes is an individual engaged in the same basic crime in substantially the same manner as the defendant and against whom the evidence was as strong or stronger than that against the defendant." Id. at 810.

Here, Harrell points to Moore in support of his selective prosecution claim. Even assuming that Moore would qualify as a "similarly situated" person in this context, Harrell's argument has no merit. In its Response to Harrell's Motion,

22

the Government provides that any perceived sentencing disparities are attributable in part to Moore's "strategic choice to plead early without the benefit of a plea agreement." (Doc. # 13 at 13; <u>see</u> CR Doc. ## 28, 29). Further, at sentencing, the Government explained that Moore cooperated with law enforcement before Harrell did. (CR Doc. # 123 at 18). Finally, as described above, the Government's decision not to enhance Moore's sentence was completely at its discretion. Therefore, Harrell has not presented a viable selective prosecution claim.

Harrell's claim that the Government engaged in "sentencing entrapment" similarly has no merit. The Eleventh Circuit has observed that Government conduct "must be 'reprehensible' to warrant a sentence reduction based on sentencing factor manipulation, because '[g]overnment-created reverse sting operations are recognized and useful methods of law enforcement investigation.'" <u>United States v. McMillar</u>, 518 F. App'x 867, 870 (11th Cir. 2013) (citing <u>United States v. Ciszkowski</u>, 492 F.3d 1264, 1271 (11th Cir. 2007)). Harrell presents no evidence of Government misconduct, let alone conduct that rises to the level of "reprehensible" conduct. <u>Id.</u> Therefore, this claim also fails.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Harrell's Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 1; CR Doc. # 131) is **DENIED.**

(2)   The Clerk is directed to enter judgment against Harrell and to close this case.

### CERTIFICATE OF APPEALABILITY AND

### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability because Harrell has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 1915(a)(3). Harrell shall be required to pay the full amount of the appellate filing fee pursuant to § 1915(b)(1) and (2).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, on this 13th day of September, 2014.

Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record
Harrell